**FROM: The District Court of the 13th Judicial District. County of Yellowstone.**

STATE OF MONTANA,
                              Plaintiff,                                      NO. DC 96-448
                   vs.                                                        DECISION

Garry R. Joslyn,
                   Defendant.

On February 28, 1997, whereupon the previous sentence dated the 21st day of October, 1996, was duly revoked and the defendant was resentenced for the crime of Count I: Criminal Possession of Dangerous Drugs (Felony). Wherefore, it is ordered, adjudged and decreed that the said Garry Joslyn be punished by imprisonment in the Montana State Prison at Deer Lodge, Montana, for the term of Five (5) years. Defendant shall receive credit for time spent in the Yellowstone County Detention Facility at Billings, Montana, for 154 days. In all other respects, the previous Orders, conditions and reasons of this Court entered on the 21st day of October, 1996, shall remain unchanged and are reimposed and shall continue as if set forth herein, all under the authority of this Court and defendant's Supervising Officer. It is the finding of this Court pursuant to 46-18-201(3), Montana Code Annotated, the Court shall reject the elapsed time as credit against the sentence.

On May 8, 1997, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3),

MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 8th day of May, 1997.

DATED this 13th day of June, 1997.

**Chairman, Hon. Jeffrey M. Sherlock, Member, Hon. Wm. Nels Swandal and Alternate Member, Hon. Robert Boyd.**

The Sentence Review Board wishes to thank Garry M. Joslyn for representing himself in this matter.